T.C. Summary Opinion 2008-98

UNITED STATES TAX COURT

ASHWANI K. AND SVELTLANA K. SHARMA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7173-07S.                    Filed August 7, 2008.

Ashwani K. and Sveltlana K. Sharma, pro sese.

Charles J. Graves, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

   [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2004 Federal income tax of $1,017. After concessions,[2] the issue for decision is whether petitioners are liable for the 10-percent additional tax pursuant to section 72(t) with respect to an early distribution from a retirement account in 2004.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in New Mexico.

In 2004 petitioner Ashwani Sharma (Mr. Sharma) received from the New Mexico Educational Retirement Board (the board) a distribution of $10,098 of which $8,325 was taxable (the distribution). Petitioners reported the distribution on their 2004 joint Federal individual income tax return but did not report any additional tax from the distribution. At the time of the distribution, neither petitioner had reached the age of 59-1/2.

Since 1995 petitioners have resided at the same location in Albuquerque, New Mexico (the residence). At that time Mr.

---

[2] At trial petitioners conceded for 2004 $46 in additional interest income and a taxable State income tax refund of $677.

Sharma's parents, M.P. and Nirmal Sharma, owned the property subject to a mortgage. On September 29, 1997, M.P. and Nirmal Sharma conveyed to petitioners a joint tenancy in the residence. In February 1999 M.P. and Nirmal Sharma quitclaimed their interest in the residence to petitioners. Also in February 1999 petitioners obtained a mortgage loan from Credit Union Mortgage Service which was secured by the residence. From 1999 to 2004 petitioners paid the mortgage and property taxes on the residence. In June 2004 petitioners paid in full the remaining balance on their mortgage loan on the residence. At trial petitioners testified that they used the distribution to pay off the mortgage loan balance on the residence.

In the notice of deficiency respondent increased petitioners' net income tax by additional tax of $833 pursuant to section 72(t) on account of the distribution.

## Discussion

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue.[3]

---

[3] Petitioners do not argue that the burden of proof on the issue in this case should be shifted to respondent under sec. 7491. In any event, we do not decide the issue on the burden of proof. Also, regardless of whether the $833 additional tax under sec. 72(t) would be considered an "additional amount" under sec. 7491(c) and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has met any such burden of production by showing that petitioner
(continued...)

Accordingly, petitioners bear the burden of proof.  See Rule 142(a).

Generally, a distribution from a qualified retirement account is includable in the distributee's gross income in the year of the distribution.  See sec. 72(a).  Distributions made before the taxpayer's attaining the age of 59-1/2 that are includable in income are generally subject to a 10-percent additional tax unless an exception applies.  See sec. 72(t)(1).

Section 72(t)(2) sets forth specific exceptions to the additional tax.  At issue is whether petitioners qualify for the first-time homebuyer exception under section 72(t)(2)(F).[4] Section 72(t)(8)(A) provides that any payment or distribution received by an individual to the extent such payment or distribution is used by the individual before the close of the 120 days after the day on which such payment or distribution is received to pay qualified acquisition costs with respect to a principal residence of a first-time homebuyer who is such

---

[3](...continued)
received the distribution when he was less than 59-1/2 years of age.  See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

[4]  Respondent did not raise the issue as to whether the New Mexico Educational Retirement Plan qualified as an "individual retirement plan" under sec. 7701(a)(37), and there is insufficient evidence in the record to make a determination of such.  We note that the determination would not affect the outcome of this case.

individual, the spouse of such individual, or any child, grandchild, or ancestor of such individual, or the individual's spouse, satisfies the first-time homebuyer exception. A first-time homebuyer means any individual "if--(I) such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 2-year period ending on the date of acquisition of the principal residence". See sec. 72(t)(8)(D)(i)(I). Further, the date of acquisition is the date "on which a binding contract to acquire the principal residence * * * is entered into, or (II) on which construction or reconstruction of such a principal residence is commenced." See sec. 72(t)(8)(D)(iii).

Petitioners contend that they are first-time homebuyers within the meaning of section 72(t)(8). Petitioners argue that they did not acquire an ownership "interest" in the residence until June 4, 2004, when they paid off the mortgage loan on the residence. They contend that until April 4, 2004, the residence was owned by the mortgage company, and therefore they had no previous ownership interest in the residence. We disagree.

State law determines the property ownership of a taxpayer, and Federal law controls the Federal income tax consequences of that property ownership. See Aquilino v. United States, 363 U.S. 509, 512-513 (1960). In New Mexico where petitioners reside, a "joint tenancy in real property is one owned by two or more

persons, each owning the whole and an equal undivided share".
N.M. Stat. Ann. sec. 47-1-36 (LexisNexis 2004).  A joint tenancy
is a property interest which entitles the holders to equal rights
to its enjoyment during their lives.  See Estelle v. Estelle, 593
P.2d 663, 665 (Ariz. 1979).

In 1997 M.P. and Nirmal Sharma conveyed to petitioners a
joint tenancy in the residence.  Accordingly, petitioners had an
ownership interest in the residence as early as 1997.  Contrary
to petitioners' argument, they possessed a present ownership
interest in the residence during the 2-year period before they
received the distribution.  Consequently, the distribution does
not meet the requirements for the exception in section
72(t)(2)(F).  The only action that took place within 120 days
from the receipt of the distribution was the release of the
mortgage.  The release of a mortgage is merely the release of
lien as was required by New Mexico law upon satisfaction of the
mortgage obligation.[5]

Although petitioners request that we construe the statute
equitably in their favor, we must apply the law as Congress
enacted it, absent some constitutional defect, and we may not
rewrite it.  See Commissioner v. Lundy, 516 U.S. 235, 252 (1996).
Petitioners' argument that they did not have an ownership

---

[5]  New Mexico law requires the filing of a written release
of a mortgage lien upon satisfaction of the mortgage.  N.M. Stat.
Ann. sec. 48-7-4 (LexisNexis 2004).

interest in the residence before June 4, 2004, when they paid off the mortgage on the property does not establish that the distribution meets the requirements. Therefore, this exception does not apply to petitioners, and we conclude that the distribution is subject to the 10-percent additional tax under section 72(t).

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.